**Silas MARIANO, Plaintiff—Appellant,**

v.

**STATE of California; Francisco J. Alarcon; Ed Wilder; Steve Chatten, Defendants—Appellees.**

No. 00–16201.

D.C. No. CV–98–01714–LKK/DAD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Dec. 10, 2002.

---

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Silas Mariano appeals the district court's order granting defendants' motion for summary judgment. We affirm. Because the factual and procedural histories of this case are well known to the parties, we need not recount them here.

When a public employee complains of unlawful retaliation in response to an exercise of First Amendment rights, that employee must prove (1) that the conduct or expression at issue is constitutionally protected, and (2) that the conduct or expression was a substantial or motivating factor in the retaliatory adverse action. *Brewster v. Board of Educ.*, 149 F.3d 971, 978 (9th Cir.1998). When defendants tender sufficient evidence that the adverse employment action was taken for legitimate, non-discriminatory reasons, the plaintiff is obligated to tender additional evidence to establish that the employer's rationale was pretextual. *Strahan v. Kirkland*, 287 F.3d 821, 825 (9th Cir.2002).

█ In this case, it is undisputed that there were extremely serious problems at the Stark Correctional Facility which newly-appointed Superintendent Chatten was directed to address. He brought in his own management team, and reorganized and upgraded the Stark Center Personnel Department. The only evidence that Mariano offers to show that this action was pretextual is that it occurred in temporal proximity to one of his communications criticizing the procedures at the Stark Center. However, given the undisputed facts of this case, mere temporal proximity of First Amendment activity without additional evidence is not sufficient to create a triable issue of fact concerning pretext. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir.1997).

█ Mariano also failed to demonstrate that the absence of return-to-work options following his departure on stress leave constituted an actionable adverse employment action, given the treating physician's report indicating Mariano's intent not to return to work.

Thus, the entry of summary judgment in this case was appropriate, albeit for different reasons than given by the district court.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.